1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                   * * * * *

9    COLIN ROSS,                          )
                                          )
10                      Plaintiff,        )        03:03-CV-0622-LRH (VPC)
                                          )
11   vs.                                  )
                                          )              ORDER
12   UNION PACIFIC RAILROAD COMPANY,      )
     a Corporation,                       )
13                                        )
                        Defendant.        )
14   _____)

15          Presently before this Court is Defendant Union Pacific Railroad Company's emergency

16   motion for an order allowing limited additional discovery (# 81[1]).  Plaintiff Colin Ross opposed

17   (# 82) and Defendant replied (# 84).  Plaintiff also filed a supplement to his opposition (# 83), to

18   which Defendant seeks leave to respond (# 85 and # 86).  While the Court is aware the

19   supplement was filed after Defendant submitted its reply (# 84), the Court will deny Defendant's

20   request for leave to respond as any response is immaterial to the Court's disposition.

21          Plaintiff was severely injured while working as a brakeman for Defendant on December

22   3, 2002.  The current lawsuit was brought to recover damages under the Federal Employers

23   Liability Act, 24 U.S.C. § 51 *et seq*., and the Federal Saftey Appliances Act, 49 U.S.C. § 20301

24   *et seq*.  A stipulated discovery plan and scheduling order, providing 270 days (as opposed to the

25   standard 180) for discovery was entered and expired on October 19, 2004.  The 90 day extension

26   was based on the agreement of the parties that "until [Plaintiff's] medical situation stabilized, the

27   scope of vocational rehabilitation [could not] be assessed" (# 11, p. 3).  Defendant seeks to

28   _____

           [1] References to (# XX) refer to the Court's docket.

1  reopen discovery for the limited purpose of determining Plaintiff's current ability to return to
2  work.

3          On December 7, 2005, after the close of discovery, Plaintiff underwent cervical surgery.
4  On May 27, 2005, Plaintiff was released by Dr. Halki to begin vocational rehabilitation training.
5  On July 15, 2005, Plaintiff allegedly received his first Social Security disability payment.
6  However, Defendant did not learn of this payment until August 15, 2005.  Defendant moved to
7  reopen discovery on September 9, 2005, shortly after a continuance was granted on August 31,
8  2005, which delayed trial until January of 2006.

9          The discovery schedule "may not be modified except upon a showing of good cause and
10  by leave of the [court]." Fed. R. Civ. P. 16(b).  Good cause is generally determined through a
11  consideration of the diligence of the party seeking the extension. *Johnson v. Mammoth*
12  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2002).  Carelessness and failing to heed clear and
13  repeated signals are considerations the Court may take into account when determining if good
14  cause has been shown to modify the scheduling order. *Id.*

15          In the present case, it was apparent that Plaintiff's medical condition would not stabilize
16  before the close of discovery.  In fact, his cervical surgery did not even occur until discovery had
17  closed.  Several months later, after apparently recuperating from surgery, Plaintiff began
18  vocational rehabilitation training.  Despite this attempt, however, he still apparently qualified for
19  total disability benefits from the government.  Defendant did not learn of this incongruity until
20  August 31, 2005 and filed the motion to extend discovery within a few weeks, and after seeking a
21  stipulation from Plaintiff.

22          Thus, while Defendant was aware that Plaintiff would undergo surgery post discovery,
23  there was no way to know if and/or when that surgery would result in a more stable medical
24  situation.  Plaintiff was apparently improving in May, but by July was receiving disability
25  payments.  When Defendant noticed this inconsistency it immediately began the process of
26  extending discovery; first through attempting a stipulation, then by motion.  The Court considers
27  such action to be sufficiently diligent to warrant a limited reopening of discovery.  Thus,
28  Defendant's motion will be granted and discovery will be extended 30 days from the date of this

2

1  order to allow Defendant to depose Dr. Halki and Plaintiff's physical therapist, to have Plaintiff

2  seen by Mr. Janzen and Dr. Rappaprot, to secure updated records from the Social Security

3  Administration, and to inquire into other matters necessary to a determination of Plaintiff's

4  present condition that only arose after the original close of discovery.

5         IT IS SO ORDERED.

6         DATED this 6th day of December, 2005.

7

8

9

10  _____

11  LARRY R. HICKS
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3