UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| COLIN ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | 03:03-CV-00622-LRH (VPC) |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court are Plaintiff Colin Ross' motions in limine numbered one through five. (Docket Nos. 59, 60, 61, 62 and 63).  Defendant Union Pacific Railroad Company ("UPRC") has responded to each of Plaintiff's motions (Docket Nos. 75, 76, 77, 78 and 79).  Plaintiff seeks to (1) preclude evidence and instructions pertaining to contributory negligence from trial; (2) permit voir dire by Plaintiff's attorney on jurors' ability to follow the Federal Employer's Liability Act ("FELA"); (3) bar evidence that may potentially be offered regarding job offers made to Plaintiff; (4) prevent the introduction of evidence pertaining to any medical or disability benefits received by Plaintiff; and (5) exclude evidence that Plaintiff borrowed money for necessities of life.

A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md. 1987)).  Of course, the parties should keep in mind that the court can alter its ruling based on developments at trial or at any other time for whatever reason the court deems

appropriate. *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). *See Luce v. United States*, 469 U.S. 38, 41 (1984).

### 1. Contributory Negligence

Plaintiff seeks to exclude all evidence relating to contributory negligence from trial. Plaintiff's complaint alleges violations of both the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, and the Federal Safety Appliance Act ("SAA"), 49 U.S.C. § 20301, *et seq.* While the SAA generally excludes evidence of contributory negligence from claims arising under it, FELA does not. 45 U.S.C. section 53 provides that a plaintiff's recovery will be reduced, but not barred, by any evidence of contributory negligence when a FELA claim is raised, provided the underlying injury is not based on a statutory violation.

Plaintiff has raised a claim under FELA that appears not to be based on any statutory violation. Thus, Defendant is entitled to produce evidence regarding contributory negligence on that claim. The Court will entertain suggestions for proper limiting instructions when necessary, but cannot grant Plaintiff's motion in limine.

### 2. Voir Dire

Plaintiff seeks permission to conduct voir dire on potential jurors' ability to follow FELA as written. Federal Rule of Civil Procedure 47 provides the Court with discretion in allowing attorney's to conduct voir dire. This Court prefers to conduct voir dire itself. Each side will be given an opportunity to propose questions for voir dire, and to request the Court to question perspective jurors on issues. Further, if it becomes absolutely necessary, the Court will consider allowing limited questioning from the attorneys. However, the general practice of the Court is not to allow attorney questioning. Thus, Plaintiff's motion in limine will be denied.

### 3. Evidence of Job Offers

Plaintiff seeks to exclude evidence of any "bogus job offers" made by Defendant in an attempt to confuse the jury on the issue of mitigation of damages under Federal Rules of Evidence 402 and 403. Plaintiff and Defendant agree that there is a duty to mitigate damages in cases such as these and that this duty to mitigate would require Plaintiff to accept a job offer for which he was physically, vocationally and academically able to perform. Plaintiff seeks to have

1  Defendant required to provide an offer of proof outside the presence of the jury regarding such
2  jobs prior to introducing evidence relating to them.  The Court sees no reason to grant this
3  request at the present time.
4      It is undisputed that evidence of job offers which Plaintiff could have accepted and
5  performed are relevant and non-prejudicial evidence relating to mitigation of damages in this
6  case.  Introduction of this evidence will require extensive foundation regarding Plaintiff's
7  medical ability to return to work, an issue that will undoubtedly be in dispute at trial.  Thus,
8  whether Plaintiff could have accepted a job offer, and mitigated his damages, will be an issue of
9  fact for the jury.  So long as Defendant provides the proper foundation regarding Plaintiff's
10 medical ability to work, there is no reason for an offer of proof outside of the jury when the
11 evidence regarding job offers is provided.  Should Defendant fail to provide a proper foundation,
12 Plaintiff may seek limiting instructions, object at trial, and/or argue at closing that the evidence
13 should be ignored by the jury.  Each of these available options reduces any need to enter an order
14 requiring offers of proof outside of the jury before any such evidence is proffered.  Thus,
15 Plaintiff's motion in limine will be denied.
16     *4.    Medical Disability Payments*
17     Plaintiff seeks to exclude all evidence of medical or disability payments he has received
18 arguing the collateral source rule and *Eichel v. New York Central Railroad*, 375 U.S. 253 (1963),
19 preclude such evidence.  Defendant responds that evidence of social security benefits and
20 Railroad Retirement System occupational disability benefits is admissible despite the collateral
21 source rule and *Eichel*.  Further, Defendant requests this Court enter orders allowing such
22 evidence if Plaintiff opens the door to its introduction in rebuttal through certain specified means.
23 Finally, Defendant requests the Court enter a pre-trial order that would reduce any award to
24 Plaintiff by the benefits gained or allow the introduction of evidence of benefits to reduce the
25 potential award.
26     The Court begins by noting that Defendant's requests for orders allowing rebuttal
27 evidence and seeking to reduce the actual or potential awards in this case are premature.  Should
28 the door be opened for rebuttal evidence of this nature, Defendant can raise the issue at trial.

1  Should a judgment be entered against Defendant, a motion to reduce that judgment based on
2  disability benefits paid can be presented to the Court at that time. Thus, the Court will deny
3  Defendant's requests as untimely.

4      Defendant's main argument for allowing evidence of disability payments made through
5  the Railroad Retirement System is that *Eichel* has been misinterpreted by the courts since it was
6  decided. This Court disagrees. *Eichel*, although dealing with the issue of malingering, provided
7  no hint that evidence of disability payments would be admissible when it wrote: "Respondent
8  does not dispute that it would be highly improper for the disability pension payments to be
9  considered in mitigation of the damages suffered by petitioner." 375 U.S. at 254. The holding
10 adopted by reference in *Eichel* is that disability payments under the Railroad Retirement Act are
11 substantially similar to social security payments and therefore should be excluded under the
12 collateral source rule. While these statements may technically be dicta, there is no hint that this
13 issue has not been definitively settled. Accordingly, Defendant's request to introduce evidence
14 of disability and social security payments is denied. As a necessary corollary, Plaintiff's motion
15 to exclude such evidence is granted.

16     5.    *Loan Evidence*

17     Plaintiff seeks to exclude any evidence relating to loans taken by Plaintiff and his
18 attorneys to provide Plaintiff with income. In Defendant's motion in limine to allow such
19 evidence, the Court concluded that the proffered evidence was irrelevant and barred by the
20 collateral source rule. In the order on that motion, the Court denied Defendant's request to allow
21 that evidence. Having already denied Defendant's request to admit such evidence, the Court now
22 grants Plaintiff's motion to exclude the evidence. The Court's reasoning in its previous order is
23 adopted here as well.
24 ///
25 ///
26 ///
27 ///
28 ///

1     It is therefore ORDERED that Plaintiff's Motions in Limine One through Three (Docket Nos. 59, 60 and 61) are DENIED;

    It is further ORDERED that Plaintiff's Motions in Limine Four and Five (Docket Nos. 62 and 63) are GRANTED.

    DATED this 6th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge