UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| COLIN ROSS, | ) | |
| Plaintiff, | ) ) ) | 03:03-CV-00622-LRH (VPC) |
| vs. | ) ) | ORDER |
| UNION PACIFIC RAILROAD COMPANY, a Corporation, | ) ) ) | |
| Defendant. | ) ) | |

Before the court is Defendant Union Pacific Railroad Company's motion in limine (Docket No. 51) to allow evidence of loans taken by Plaintiff Colin Ross and co-signed for by his attorneys.

A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md. 1987)). Of course, the parties should keep in mind that the court can alter its ruling based on developments at trial or at any other time for whatever reason the court deems appropriate. *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Plaintiff has objected to the introduction of this evidence at trial on two grounds: relevance and the collateral source rule.

///

   *1.     Relevance*

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more probable than it would be without the evidence. Fed.R.Evid. 401. Defendant argues that the proffered evidence concerning loans taken in Plaintiff's name, but co-signed by his attorneys, prior to and during the pendency of this action has a tendency to make the fact that Plaintiff was able to work but chose not to more likely. The Court disagrees.

Whether or not Plaintiff took a loan in his name, with his attorneys as co-signees, has no relation to whether Plaintiff is capable of returning to gainful employment. That issue is purely a medical one, and the relevant, competent evidence on that issue will come from evidence other than whether Plaintiff took out a loan to cover the costs of living. Thus, the evidence will be excluded as irrelevant.

   *2.     Collateral Source Rule*

The collateral source rule, providing that evidence of compensation to a plaintiff from a source not affiliated with the defendant cannot be introduced in mitigation of damages, has been codified in part by the Federal Employers' Liability Act. *Folkestad v. Burlington Northern, Inc.*, 813 F.3d 1377 (9th Cir. 1987). Defendant argues that the evidence is not being introduced to mitigate potential damages, but to demonstrate that Plaintiff was able to work, but chose not to because he was able to receive these loan proceeds. While the Court notes that loan proceeds taken from an independent third party, and required to be paid back, are not considered typical sources of income under the collateral source rule, see *Restatement (Second) of Torts*, § 920A *comment c*, the Court concludes that had the evidence been deemed relevant it would have been excluded none the less under the reasoning of *Eichel v. New York Central Railroad Company*, 375 U.S. 253 (1963) (holding that collateral source evidence cannot be used to demonstrate that a plaintiff was unwilling to return to work because of the collateral payments received).

While the collateral payments in *Eichel* were disability pension payments, the reasoning behind excluding them equally pertains to the proceeds gained from Plaintiff's loans. "[T]he likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the

1  evidence bears on the issue of malingering, there will generally be other evidence having more
2  probative value and involving less likelihood of prejudice than the receipt of a [collateral source
3  payment]." *Eichel*, 375 U.S. at 255 (internal footnotes omitted).  Thus, while the collateral
4  source rule may be technically inapplicable because Defendant wishes to use the evidence to
5  prove malingering, the extension of the principles behind the collateral source rule found in
6  *Eichel* convince the Court that the evidence should be excluded.
7       It is therefore ORDERED that the Defendants' Motion in Limine for Order Admitting
8  Documents and Evidence of Plaintiff's Loans from Summit Bank Arranged and Cosigned by his
9  Attorneys (Docket No. 51) is DENIED.
10      DATED this 6th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge