UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| COLIN ROSS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Corporation,<br><br>　　　　　　Defendant. | 03:03-CV-00622-LRH (VPC)<br><br>ORDER |

  Before the court are Defendant Union Pacific Railroad Company's five motions in limine. (Docket Nos. 64, 65, 66, 67 and 68). Plaintiff Colin Ross has responded to each of Plaintiff's motions (Docket Nos. 70, 71, 72, 73 and 74), opposing three and concurring in a limited sense with the remaining. Defendant seeks to (1) preclude evidence of the parties' size, wealth, position or financial condition; (2) exclude evidence of the level of danger in the railroad industry; (3) bar evidence related to the Congressional intent behind the Federal Employers' Liability Act ("FELA") and the unavailability of worker's compensation; (4) prevent the introduction of evidence pertaining to liability insurance; and (5) exclude reference to Plaintiff being a good worker or employee.

  A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md. 1987)). Of course, the parties should keep in mind that the court can alter its ruling based on developments at trial or at any other time for whatever reason the court deems

1  appropriate. *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). *See Luce v. United States*, 469
2  U.S. 38, 41 (1984).

3     *1.   Parties' Size, Wealth, Position or Financial Condition*

4  Plaintiff has not opposed Defendant's motion in limine. Further, the Court considers
5  such evidence to be irrelevant to the underlying issues. Thus, both parties will be excluded from
6  referencing either side's size, wealth, position or financial condition.

7     *2.   Level of Danger in the Railroad Industry*

8  Defendant seeks to exclude evidence of any inherent danger in the railroad industry from
9  trial. Plaintiff opposes this motion and, in the alternative, seeks to preclude evidence of the safe
10 nature of railroad work should Defendant's motion be granted. Plaintiff's opposition rests on the
11 notion that the railroad industry is in fact a dangerous place to work, no matter what Defendant
12 claims. While the Court can understand this argument, it cannot get past the notion that no
13 material fact at issue here will be more or less likely based on the overall safety of the railroad
14 industry. The claim at issue arises from a specific and unfortunate accident involving Plaintiff.
15 There are no allegations that a pattern of accidents of this specific kind were known and not
16 corrected. As such, the Court determines that any evidence on the safe or dangerous nature of
17 railroad industry work is irrelevant to the present matter. Defendant's motion, as well as
18 Plaintiff's alternative motion, is granted.

19    *3.   Congressional Intent and Worker's Compensation*

20 Plaintiff has not opposed Defendant's request to exclude evidence of the Congressional
21 intent behind enacting FELA. Further, Plaintiff only objects to the exclusion of worker's
22 compensation evidence by pointing to the allegedly inconsistent arguments of Defendant
23 regarding which evidence being barred by the collateral source rule. The Court concludes that
24 evidence regarding the unavailability of worker's compensation benefits is irrelevant to the issues
25 in this case and that the probative value of such evidence, if relevant, would be outweighed by
26 the potential for prejudice and confusion in the jury. Thus, Defendant's motion is granted.
27 ///
28 ///

    4.    *Liability Insurance*

Plaintiff has not opposed Defendant's motion to exclude evidence of liability insurance at trial. Thus, both parties are excluded from referencing any liability insurance that may be carried by either party.

    5.    *Plaintiff as Good Worker*

Defendant seeks to exclude evidence that Plaintiff was a good worker or employee as irrelevant and improper character evidence. Plaintiff contends such evidence can be relevant to several issues and that it should at least be available as rebuttal evidence should Defendant attempt to show Plaintiff was a poor worker.

While the Court notes that there could exist theories under which such evidence could be admitted (for example, evidence of habit under Federal Rule of Evidence 406), the present motion in limine deals with the limited introduction of evidence that Plaintiff was a good worker to prove that Plaintiff could not have been at fault, or that Defendant must have acted improperly. Such evidence, when offered for the specific purpose at issue here, is both improper character evidence and irrelevant to any material issue of the case. Thus, Defendant's motion will be granted.

It is therefore ORDERED that Defendant's motions in limine (Docket Nos. 64, 65, 66, 67 and 68) are GRANTED.

DATED this 6th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge